**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4529**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER BERNARD PLATER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00303-CCE-1)

Submitted: March 7, 2018                         Decided: May 2, 2018

Before WILKINSON, MOTZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Gregory Davis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Bernard Plater pled guilty, pursuant to a written plea agreement, to possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). The district court sentenced Plater to the statutory minimum of 60 months' imprisonment. On appeal, Plater's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Plater's sentence is substantively reasonable. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and explained sufficiently the selected sentence. *Id.* at 49-51.

Our review of the record leads us to conclude that the district court committed procedural error by failing to sufficiently explain its reasons for the selected sentence of imprisonment. However, we review this issue only for plain error because the district court ultimately imposed the sentence that Plater's counsel requested. *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (explaining plain error standard). We hold that Plater

2

cannot demonstrate that the district court's insufficient explanation affected his substantial rights because the district court imposed the mandatory minimum term of imprisonment. *See United States v. White*, 836 F.3d 437, 447 (4th Cir. 2016) (stating that "an error affects substantial rights if there is a reasonable probability that, but for the error, the district court would have imposed a different sentence" (internal quotation marks omitted)). Plater thus cannot establish plain error on this issue.

In considering counsel's challenge to the substantive reasonableness of Plater's sentence, we "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51. A district court's imposition of a statutory mandatory minimum sentence "is *per se* reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 135 S. Ct. 1609 (2015). Because the district court imposed the statutory minimum sentence, we conclude that Plater cannot establish that his sentence of imprisonment is substantively unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Plater, in writing, of the right to petition the Supreme Court of the United States for further review. If Plater requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Plater. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*